STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**MICHAEL L. AYERS,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0554** (BOR Appeal No. 2055054)
(Claim No. 2020007716)

**BECKLEY WATER COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael L. Ayers, by counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Beckley Water Company, by counsel Steven K. Wellman, filed a timely response.

The issue on appeal is compensability of the claim. The claims administrator rejected the claim on October 4, 2019. On January 17, 2020, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's rejection of the claim. This appeal arises from the Board of Review's Order dated June 25, 2020, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W.Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W.Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. W. Va. Office Ins. Comm'r*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Ayers alleges that he sustained an injury to his right shoulder when he slipped and fell on wet stairs while reading meters in the course of and resulting from his employment on July 17, 2019. Subsequent to the alleged injury, he sought treatment at MedExpress on August 5, 2019, for an abrasion to the left arm, and shoulder and neck pain. Mr. Ayers reported that "he got his shorts caught while loading a boat and was pulled about 10 ft." A physical examination revealed neck and posterior shoulder pain, as well as an abrasion on his left shoulder. He was diagnosed with a left shoulder abrasion and neck sprain.

Mr. Ayers was treated again at MedExpress on August 27, 2019, for right shoulder pain which had not improved since his last visit. He reported that he was injured twenty-two days prior when his shorts got caught on a boat trailer. He reported that his shoulder had been hurting since the accident with no improvement. A physical examination noted right shoulder pain and tenderness. Mr. Ayers was diagnosed with right shoulder pain, and he was referred to an orthopedist. He was diagnosed with an upper respiratory tract infection.

On September 2, 2019, Mr. Ayers was seen in the emergency department of Raleigh General Hospital for a right shoulder injury sustained at work. According to the treatment note, he had been treated at a local MedExpress for pain in the right shoulder as a result of him falling at work. A physical examination revealed right shoulder pain with reduced range of motion. He was prescribed medication and diagnosed with a rotator cuff injury. An x-ray of Mr. Ayers's right shoulder taken on September 3, 2019, revealed satisfactory alignment.

Mr. Ayers was referred for an orthopedic evaluation with Raleigh Orthopedics on September 3, 2019, for right shoulder pain. The treatment note authored by Megan Dincher, PA-C, states, "the injury happened at work on/or around July 17-18, 2019." Mr. Ayers stated he was working for the water company on a rainy day when he slipped and fell down stairs. He reported severe right shoulder pain, which was aggravated by movement. A physical examination found good right shoulder range of motion with no evidence of weakness or impingement. Mr. Ayers was diagnosed with internal derangement of the right shoulder and right shoulder pain. He was referred for a right shoulder MRI, and he received a right shoulder injection.

On September 25, 2019, Mr. Ayers returned to MedExpress for right shoulder and right rib complaints. According to the treatment note prepared by Jessica Wickline, D.O., he reported that he "fell at work on 7/17/19 and he came in here for that." The treatment note further states the following:

"Upon reviewing his chart, he had no report of injury for 7/17/19 accident but was seen on 8/5/19 for an injury of his left shoulder, right shoulder, and neck after a non-work related accident. He got his shorts hung on a boat and was dragged down road. At that visit, he saw me and did not mention his work injury. Today he states that he fell at work prior to that and was having pain prior to that injury. His primary concern that day was pain in his neck and the infected abrasion on his left arm but he did not mention pain on the right. He was also seen here by a different provider on 8/27/19 for the right shoulder pain. That provider did not document that he had a work-related injury. He was referred to ortho at that time. He said that she ordered an MRI of his shoulder and suspected rotator cuff tear."

Mr. Ayers was diagnosed with right shoulder pain and a contusion to the right front wall of the thorax. He was restricted to no pushing/pulling, reaching or overhead reaching; and he was restricted from carrying more than five pounds with the right upper extremity. An MRI was ordered, and he was prescribed medication.

By Order dated October 4, 2019, the claims administrator rejected Mr. Ayers's application for workers' compensation benefits. The claims administrator alleged that he did not immediately give notice to the employer of an injury, which weighs against a finding of compensability. It was also alleged that Mr. Ayers injured his shoulder in a nonwork-related boat trailer accident. The claims administrator reasoned that the evidence does not support a work-related injury. Mr. Ayers protested the claims administrator's decision.

Louis Wooten, Superintendent of Beckley Water Company, completed an affidavit on December 13, 2019, which states the following:

"[Mr. Ayers] took a sick day on August 5, 2019. I saw him in the office later that day, after he had suffered some sort of boating accident. He was wearing a 'tank top' or 'muscle shirt' . . . and I could see what appeared to be fresh abrasions on his back/shoulder. The first time we became aware that [he] was seeking to file a Workers' Compensation claim was September 3, 2019. [Mr. Ayers] worked his normal job, without restrictions, until September 3, 2019. On that day, I met with him in the office and he was holding his arm and shoulder. He said he could not drive, so I offered him a restricted duty position answering phones, and he said could not even do that.

I spoke with Mr. Larry Underwood, Supervisor of Meter Readers, regarding this claim. Mr. Underwood said that Mr. Ayers came to him on September 3, 2019, reporting that he had fallen while reading meters in an area called Cabell Heights.

3

[He] asked Mr. Underwood if he recalled [if Mr. Ayers] reporting the injury when it occurred, and Mr. Underwood said no, this was the first he heard of it."

The affidavit states that it was Beckley Water Company's policy to have injuries reported "immediately or as soon as practicable." Mr. Ayers did not report an injury until September 3, 2019.

At a hearing regarding the protest on December 13, 2019, Mr. Ayers testified that he is a meter reader and that he fell on wet, wooden stairs after reading a meter on July 17, 2019. He stated that he mentioned the fall to his coworkers on that date, and he was able to finish his shift. Eventually, right shoulder pain increased to the point when he had to seek treatment at Raleigh General Hospital on September 2, 2019. He informed his supervisor of the alleged compensable injury the following day. Mr. Ayers admitted that he was injured on August 4, 2019, when he was pulled by a boat. However, he stated that he only suffered scrapes on his left arm from that incident. On cross-examination, he acknowledged that the treatment notes from MedExpress dated August 5, 2019, and August 27, 2019, do not mention him falling down stairs while working. He initially alleged that he informed MedExpress of the alleged compensable injury because he stated that the treatment notes mention right shoulder pain. He later clarified his testimony by stating that, "I didn't think that it was actually hurt until it got worse with time still using it." Mr. Ayers testified that he waited until September 2, 2019, to notify his supervisor of the alleged injury because "[m]e and him don't see eye to eye." He also admitted that he took a sick day on August 5, 2019, after the boating injury.

On January 17, 2020, the Office of Judges concluded that Mr. Ayers did not prove by a preponderance of the evidence that he sustained an injury in the course of and as a result of his employment. The Office of Judges reasoned that the evidence is simply too inconsistent to sustain the application for workers' compensation benefits. It was noted that Mr. Ayers did not inform his supervisor of an injury on July 17, 2019, and his subsequent treatment notes from MedExpress dated August 5, 2019, and August 27, 2019, indicate that his right shoulder was injured from a non-occupational injury. Accordingly, the Office of Judges affirmed the claims administrator's Order dated October 4, 2019. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the January 17, 2020, decision on June 25, 2020.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. Although Mr. Ayers alleges that he suffered an injury in the course of his employment as a meter reader for Beckley Water Company on July 17, 2019, the undisputed evidence indicates that he did not seek medical attention and did not provide written notice of the injury to the employer at that time. When he sought medical treatment on August 5, 2019, Mr. Ayers reported that he was injured while loading a boat trailer. He did not complete a claim application for the alleged injury until September 25, 2019. The reliable and credible evidence of record supports the decision that it was more likely than not that his shoulder condition is the result of his boat trailer accident.

Affirmed.

4

**ISSUED: September 22, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton